IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BNSF RAILWAY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-cv-2602-JTM-TJJ |
| | ) |
| CITY OF AUGUSTA, KANSAS, | ) |
| | ) |
| Defendant. | ) |

## ORDER DESIGNATING WICHITA AS PLACE OF TRIAL

Plaintiff filed its Complaint in this case on October 16, 2017, designating Kansas City, Kansas, as the place of trial. At the January 3, 2018 scheduling conference, defense counsel advised the Court of Defendant's intent to request the trial location be changed to Wichita, and the Court set a deadline for Defendant to file any such motion. Defendant filed its Motion for Determination of Place of Trial (ECF No. 11) on January 19, 2018. In its motion, Defendant requests the Court determine that trial be held in Wichita, based on the fact that the property damage and allegations of negligence at issue in this case took place entirely in Augusta, Kansas, which is approximately 30 minutes from Wichita, and nearly all the identified witnesses reside within 25 miles of the Wichita federal courthouse. Plaintiff has filed its Response (ECF No. 13) notifying the Court that it does not oppose Defendant's motion. The Court finds the factors utilized for determining the place of trial weigh in favor of holding trial in Wichita rather than Kansas City. Defendant's motion is granted.

**I.      Legal Standard**

Although the party initiating a federal case must file a designation of its preferred place of trial,[1] the "court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion."[2] In this district, when considering a motion for intra-district transfer, courts look to the same factors relevant for change of venue under 28 U.S.C. § 1404.[3] Those factors are: the plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the possibility of obtaining a fair trial, difficulties that may arise from congested dockets, and "all other considerations of a practical nature that make a trial easy, expeditious and economical."[4] The moving party bears the burden to establish the existing forum's inconvenience.[5]

**II.     Analysis**

The Court finds all the above-referenced factors weigh in favor of determining Wichita as the place of trial. Although Plaintiff designated Kansas City as the place of trial, Plaintiff does not oppose Defendant's motion requesting trial be held in Wichita. The property damage and allegations of negligence at issue in this case occurred entirely in Augusta, Kansas, which is approximately 30 miles from Wichita (compared to approximately 180 miles from the Kansas City, Kansas courthouse). Most, if not all, of the identified witnesses reside within 25 miles of Wichita. If the trial is held in Kansas City, numerous witnesses will be required to travel more than two hours each way to testify and some will have to spend the night in

---

[1] D. Kan. Rule 40.2(a) and (c).

[2] D. Kan. Rule 40.2(e).

[3] *Performance Food Grp., Inc. v. Ajax Int'l Grp. LLC*, No. 12-CV-2525 JAR/DJW, 2012 WL 5227926, at *1 (D. Kan. Oct. 22, 2012).

[4] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515–16 (10th Cir.1991) (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

[5] *McIntosh v. City of Wichita, Kan.*, No. 14-2402-DDC-TJJ, 2015 WL 1646402, at *1 (D. Kan. Apr. 14, 2015).

Kansas City if their testimony does not begin or is not completed at the close of the day. This could likely result in witnesses missing more work time and incurring more costs, in the form of mileage, meals, and hotel expenses, than if the estimated four-day trial is held in Wichita. Finally, the district judge and his staff are located in Wichita and thus a Wichita trial location would be more convenient for the Court. There is no connection to Kansas City, other than Plaintiff's counsel is located there. Defense counsel is located in Wichita. There is little difficulty in finding that Wichita is a more convenient forum for this case.

**IT IS THEREFORE ORDERED** that Defendant's unopposed Motion for Determination of Place of Trial (ECF No. 11) is granted. The jury trial in this case, presently set for December 4, 2018 at 9:00 AM, shall be tried in **Wichita, Kansas**.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 19th day of March, 2018.

*Teresa J. James* (signature)

Teresa J. James
U. S. Magistrate Judge